**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| JERRY KEISTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-88-TLS |
| | ) | |
| DAVID J. GLADIEUX, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1], filed on March 15, 2016. The Petitioner, Jerry Keister—who was sentenced to a term of imprisonment of four months on February 16, 2016 (cause number 1:09-cr-106)—challenges the Bureau of Prisons' (BOP) calculation of his jail credit time and claims that he is entitled to immediate release.

**BACKGROUND**

On September 17, 2015, the Petitioner was arrested and detained for alleged violations of his federal conditions of supervised release. On October 29, 2015, the Court, following a Final Revocation Hearing, entered a Modified Judgment in a Criminal Case [ECF No. 60], ordering the Petitioner to serve a sentence of time served and a new term of supervised release of six months. On December 16, 2015, the Petitioner was again arrested and detained for alleged violations of his federal conditions of supervised release. On February 16, 2016, the Court, following a Final Revocation Hearing, entered a Modified Judgment in a Criminal Case [ECF No. 85], ordering the Petitioner to serve a sentence of four months imprisonment, with no term of supervised release to

follow.

On March 15, 2016, the Petitioner filed his Petition for Writ of Habeas Corpus Under 28

U.S.C. § 2241 [ECF No. 1], alleging that the BOP's calculated release date of April 14, 2016, is

incorrect:

> On February 16, 2016, the District Court held a hearing on a revocation of supervised release. At the conclusion of that hearing, I was sentenced to four months (120 days) imprisonment, with no further supervision to follow. It was also determined that I had 107 days jail credit, resulting in a term of imprisonment of 13 days. This would have made my release date February 29, 2016. Nonetheless, the Bureau of Prisons has calculated my release date as April 14, 2016.

(Pet. 7.)[1]

On March 21, 2016, the Court conducted a telephonic conference to give Petitioner's

counsel, along with the United States Probation Office (USPO), an opportunity to present any

additional information to assist the parties and the Court in resolving this matter. The Court

ordered USPO to investigate the matter and to issue its findings on the record. That same day,

USPO issued its findings [ECF No. 86, cause number 1:09-cr-106], which state, in relevant

part:

> [The BOP] advised that the [D]efendant's sentence computation was calculated utilizing December 16, 2015, as his start date; therefore, a sentence of four months imprisonment gives him a release date of April 14, 2016. [The BOP] advised that the jail time from September 16, 2015,[2] until October 30, 2015, was awarded to his revocation sentence dated October 29, 2015. [The BOP] related that this was based on the Modified Judgment in a Criminal Case . . . filed on October 29, 2015, [which] ordered [the Defendant's] sentence revoked with time served.

---

[1]The Court has reviewed the transcript of the Final Revocation Hearing on February 16, 2016, and notes that the Petitioner's reference to 107 days jail credit derives from an estimate provided by the United States Probation Officer at the time of the hearing.

[2]USPO's reference to September 16, 2016, is a typographical error. The correct date is September 17, 2016, the date of the Petitioner's arrest.

*see also* ECF No. 5, cause number 1:16-cv-88.

On March 23, 2016, the Court conducted another telephonic conference to give Petitioner's counsel an opportunity to respond to USPO's findings and/or to present any additional information to the Court. The Petitioner's counsel advised that neither an evidentiary hearing nor additional briefing is necessary for resolution of this matter.

## ANALYSIS

Under federal law, an individual is entitled to habeas corpus relief if he is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). As such, a district court may review an adverse decision regarding an individual's "[r]equests for sentence credit, or for recalculation of time yet to serve." *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).[3]

The award of prior custody credit toward a federal term of imprisonment is governed by 18 U.S.C. § 3585, which provides, in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

---

[3]Generally, a petitioner must exhaust administrative remedies prior to seeking relief under 28 U.S.C. § 2241, *see Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); but the exhaustion requirement is excused when prejudice may result "due to unreasonable delay or an indefinite timeframe for administrative action." *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotation marks and citations omitted). Given the circumstances of the Petitioner's claim, exhaustion is not required here.

18 U.S.C. § 3585(b) (emphasis added). The last clause of the statute has been interpreted as prohibiting awards of double credit. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (finding that time in custody may only be counted against one sentence).

Additionally, the United States Supreme Court has determined that the execution of sentences and the computation of jail time is an administrative function under the exclusive authority of the Office of the Attorney General, which has delegated this task to the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also Ross*, 219 F.3d at 594. This delegation of tasks includes responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Wilson*, 503 U.S. at 335.

Here, the Petitioner contends that, at the time of the Final Revocation Hearing on February 16, 2016, he had 107 days of jail credit—as originally estimated by the United States Probation Officer—to count toward his 120-day sentence, resulting in a release date of February 29, 2016. But as the Court explained at the hearing, the 107 days of jail credit was merely an estimate, as the BOP is charged with computing time credits under § 3585(b). *See* Final Revocation Hr'g Tr. 48, Feb. 16, 2016, ECF No. 87, cause number 1:09-cr-106 ("[J]ail credit is usually formally determined by [the] BOP . . . [and t]he probation [officer] has given an estimate of the 107 days."). Thus, even if the Court had granted the Petitioner 107 days of jail credit (which it did not), such an action is impermissible under § 3585(b). *See United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994) ("[O]nly the Attorney General of the United States, through the Bureau of Prisons, has authority to determine when to give a defendant credit against a sentence for time he has served."); *Leahy v. Hollingsworth*, Civil

No. 09-284-GPM, 2010 WL 2836880, at *3 (N.D. Ill. Jul. 19, 2010) ("The law thus is clear that '§ 3585(b) does not authorize a district court to compute the credit at sentencing.'" (quoting *Wilson*, 503 U.S. at 334.)).

Nonetheless, the record shows that the BOP's calculated release date of April 14, 2016, is correct. As noted in USPO's findings, the Petitioner's time spent in custody between September 17, 2015, and October 30, 2015, was previously counted toward his revocation sentence of time served. *See* Modified J. in a Criminal Case, Oct. 29, 2015 (ordering the Defendant to serve a sentence of time served and a new term of supervised release for six months). Therefore, the Petitioner's current sentence of four months imprisonment was properly calculated to begin on December 16, 2015, the date of his arrest.

For the foregoing reasons, the Court finds that the BOP properly calculated the prior jail credit time on the Petitioner's federal sentence of four months imprisonment. Because the Petitioner is not being held in custody in violation of the Constitution or federal law, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1] is **DENIED**.

SO ORDERED on March 30, 2016.

 /s Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT